UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.M., by and through next friend Elfego Maldonado Estrada, and A.B., by and through next friend Kadijah Hutchinson-McLean, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- vs -<br><br>NEW YORK STATE OFFICE OF MENTAL HEALTH; ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health; the NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE; MICHELLE MORSE, in her official capacity as the Commissioner of the New York City Department of Health and Mental Hygiene; and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>Defendants. | C.A. No. 25-cv-06667 (AKH) |

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties intend to seek documents, information, and materials through discovery in this case that will contain sensitive and confidential information, including mental health information; and

WHEREAS, the parties seek to ensure the confidentiality of this information and have agreed to the terms below; and,

WHEREAS, good cause exists pursuant to Federal Rule of Civil Procedure 26(c) for this

Order given that documents and information exchanged in this matter will contain sensitive, legally protected mental health information, which, if made public, could lead to harassment, retaliation, and social stigma,

IT IS HEREBY ORDERED:

1. This Protective Order shall govern the handling of all documents, information, and materials that are produced or disclosed in the course of this litigation, whether by the parties or by non-parties, that are designated confidential as defined in paragraph 2 below. This includes, without limitation, produced documents, answers to requests for admission, answers to interrogatories, deposition transcripts, all other discovery in any form, and all copies thereof and information contained therein..

2. "Confidential Information" shall include the following categories of information:[1]

    a. The mental health, psychiatric, medical, substance abuse, educational, and disability records of (i) the Named Plaintiffs, (ii) individuals currently or formerly in the custody of the New York City Department of Correction ("DOC"), including but not limited to members of the putative classes, (iii) individuals currently or formerly receiving care and treatment from the New York State Office of Mental Health ("OMH"), including but not limited to members of the putative classes, (iv) individuals currently or formerly receiving care and treatment from New York City Health + Hospitals Corporation, Correctional

---

[1] Any documents that contain Confidential Information may be publicly disclosed in the course of this litigation if the personal identifying information (including, but not limited to, mental health, psychiatric, medical, substance abuse, educational, or disability records/information) is redacted in whole, provided that documents defined in subparagraph 2(a) may not be so disclosed.

2

Health Services ("CHS"), including but not limited to members of the putative classes, and (v) the family members of any individuals in categories (i)-(iv); and,

b. Correctional, parole, and disciplinary records of the persons referenced in subparagraph 2(a) above, to the extent they reveal the identity of the person or reference mental health, psychiatric, medical, substance abuse, educational, or disability records/information; and,

c. DOC, OMH, and CHS records that contain personal or identifying information regarding the Named Plaintiffs or other individuals listed in subparagraph 2(a) and/or which contain information that is confidential under state or federal law; and,

d. Any other documents, information, or materials from which the identity of an individual listed in subparagraph 2(a) may be determined; and

e. Any Department of Health & Mental Hygiene ("DOHMH") and/or CHS documents or information which DOHMH and/or CHS believes in good faith constitute trade secrets, proprietary business or City information, governmental, sensitive, or personal information, or other information for which DOHMH and/or CHS or, as appropriate, non-party designating the material as confidential, have a good faith, articulable belief that, if disclosed to parties or individuals beyond those specified in paragraph 7 herein, may cause substantial harm to DOHMH's or CHS's business or other proprietary, governmental, or privacy interest or to the business or other proprietary or privacy interest of any of DOHMH's or CHS's or non-party's employees, customers, clients, vendors, agents, or stakeholders. For the avoidance of doubt, prior to production to Defendants, Plaintiffs shall have no obligation to

3

determine whether DOHMH and/or CHS documents or information constitute trade secrets, proprietary business or City information, governmental, sensitive, or personal information that may cause the above referenced substantial harm.

3. Determinations as to the designation of documents, information, or materials as Confidential Information shall be made in good faith by the party producing the information. The producing party shall stamp "CONFIDENTIAL" on each page and on each thing to which the designation applies in accordance with the terms of this Protective Order. With respect to information produced in electronic form, substantially the same designation shall be affixed to the medium on which the information is provided. If a party inadvertently fails to mark a document "CONFIDENTIAL," the party may correct the designation within sixty (60) days of production by reproducing to the other parties the materials in question. To the extent there is a dispute as to the proper designation, the provisions in subparagraph 6(a) shall apply.

4. Any party may designate deposition exhibits, deposition transcripts, or any portions thereof "CONFIDENTIAL" to the extent these materials contain or reveal Confidential Information. The party may do so by (a) indicating on the record during the deposition that the testimony or exhibits in question contain Confidential Information or (b) by notifying the reporter and all other Parties, in writing within 30 days after receipt of the deposition transcripts, of the specific transcript lines or exhibit portions that contain Confidential Information. The designated exhibits and portions of the transcript shall be marked "CONFIDENTIAL" on each page so designated. Exhibits previously designated as "CONFIDENTIAL" shall retain such confidentiality designations after being disclosed at a deposition without any further action by any Party. Without any limitation of the

4

foregoing, the entire deposition transcript and exhibits thereto shall presumptively be treated as "CONFIDENTIAL" until the expiration of the time for designating the deposition transcript or portions thereof and exhibits thereto as "CONFIDENTIAL."

5. Depositions involving Confidential Information shall be conducted only in the presence of the parties, their counsel (including in-house counsel), their counsel's agents or employees, outside consultants or experts retained in this litigation, the person from whom discovery is sought, her or his legal counsel, a stenographic reporter, and videographer.

6. A party may object to the designation of materials as "CONFIDENTIAL" or the failure by the producing party to designate materials as "CONFIDENTIAL." If a party objects to the designation of a document as Confidential under this order, or the failure to designate a document as Confidential under this order, the following procedures shall apply:

   a. Counsel for the objecting party shall serve on the designating party or designating non-party a written objection to such designation within fourteen (14) days, which shall describe with particularity the documents or information in question and shall state the grounds for the objection. Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the information is Confidential. If no timely written response is made to the objection, the designation challenged by the objecting party will be deemed void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to designation of Confidential Information cannot be resolved by agreement, the proponent of the challenged designation shall present the dispute to the Court by letter-motion, in accordance with Local Civil Rule 37.2 and Judge Hellerstein's Rule 2(E). The information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The burden of proving that the information is entitled to such Confidential designation shall be on the designating party or non-party.

7. Documents, information, records, transcripts, and other materials that contain Confidential Information may be disclosed only to the following individuals:

   a. The Court and its personnel;
   b. The parties' counsel and their staff, including but not limited to paralegals, clerical staff, law clerks, and other assistants;
   c. The Named Plaintiffs in this litigation and their next friends, provided that they would otherwise have access under the law or DOCCS or OMH regulations to the Confidential Information to be disclosed and subject to the provisions in paragraph 14;
   d. Defendants Sullivan and Morse;
   e. In-house counsel employed by OMH, DOHMH and CHS;
   f. Staff of OMH, DOHMH, and CHS, provided that such staff would otherwise have lawful access to the Confidential Information to be disclosed and would have access to and review such information in the normal course of their employment, or are designated by Defendants Sullivan and Morse to review such information;
   g. Experts or consultants retained by the parties in this litigation;

6

    h. Persons noticed with depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify or to conduct the deposition or trial and, with respect to OMH and CHS staff so noticed or designated, subject to the limitations in subparagraph 7(f) above;

    i. Outside photocopying, graphic production services, litigation support, or information technology services acting under the direction of the parties' counsel; and,

    j. Court reporters, stenographers, and videographers.

8. Before any Confidential Information is disclosed to any person listed in subparagraphs 7(c), (d), (f), (g), and (h), counsel for the party seeking to make the disclosure shall provide that person with a copy of this Protective Order and the person shall agree to abide by its terms by executing the non-disclosure agreement attached as Exhibit A. Counsel for the party disclosing the Confidential Information shall retain the signed non-disclosure agreement.

9. Any person granted access to Confidential Information shall not further disclose such information other than to the individuals listed in paragraph 7 and only as authorized in this Protective Order.

10. Confidential Information and any materials containing Confidential Information shall be disclosed and used only for purposes of the prosecution, defense, or settlement of this action.

11. A party who seeks to disclose Confidential Information during trial or during a hearing before the Court may do so only after giving notice to the other parties and providing them with an opportunity to contest disclosure of the Confidential Information.

Case 1:25-cv-06667-AKH    Document 59    Filed 09/17/25    Page 8 of 12

    a. Nothing in this order shall affect a party's right to dispute the admissibility of any document in accordance with applicable legal standards, rules, and Court requirements.

12. Any party who seeks to have any papers marked "CONFIDENTIAL" or that otherwise contain or reveal Confidential Information be filed under seal with the Court shall make an application to the Court, supported by competent evidence that the sealing is essential to preserve higher values and is narrowly tailored to serve that interest, for permission to file under seal any portion of those papers that disclose Confidential Information, in accordance with Judge Alvin K. Hellerstein's Rule 4(B). The following procedures shall apply:

    a. Any party seeking to file any papers with the Court that are designated "CONFIDENTIAL" or that otherwise contain or reveal Confidential Information shall file redacted or sealed versions of the briefing and any supporting materials on ECF, and shall submit unredacted copies under seal on ECF, with unredacted copies to Chambers. Within five (5) business days of such filing, any party seeking to maintain the Confidential Information under seal shall make an application to the Court for permission to file under seal any portion of those papers that disclose Confidential Information, consistent with Section 4(B)(i) of the Individual Rules of the Honorable Alvin K. Hellerstein, as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York, and shall specify those portions sought to be maintained under seal and setting forth the reasons why sealing is appropriate under the circumstances. If no motion

       to seal is made before the expiration of those five (5) business days, or if the motion to file under seal is denied, the filing party shall refile the unredacted copies of the briefing and supporting materials on ECF.

  b. If all parties agree in any instance that Confidential Information can be protected from disclosure by redaction, the use of initials, or other means, then the papers need not be filed under seal.

13. If any party's counsel, or their employees, agents, or experts, wish to disclose clinical records received in discovery that are covered by New York Mental Hygiene Law ("MHL") § 33.16 to a Named Plaintiff or a qualified individual listed in MHL § 33.16(b)(4), the following procedures shall apply:

  a. If Plaintiffs' counsel, or their employees, agents, or experts, wish to so disclose these records, they shall first transmit to Defendants a list containing sufficient information to enable the identification of the patient and records in question, as well as the individual to whom disclosure is intended. Upon receipt of such a list, Defendants shall contact the entity that created such records and shall reply within thirty (30) days with written documentation from the patient's treating practitioner indicating if any portion of such records (and, if so, which) the patient's practitioner believes should not be disclosed to the individual in accordance with the standards set forth in MHL § 33.16. If Defendants do not reply within thirty (30) days, Plaintiffs may proceed with the disclosure.

  b. If Defendants' counsel, or their employees, agents, or experts, wish to so disclose these records, they shall provide Plaintiffs' counsel with written notice of this intent at least thirty (30) days before any such disclosure. This notice shall include

9

sufficient information to enable the identification of the patient and records in question, as well as the individual to whom disclosure is intended, and shall include documentation from the patient's treating practitioner indicating that the records may be disclosed to the individual in accordance with the standards set forth in MHL § 33.16.

c. Any party may contest the treating practitioner's determination by providing the opposing parties notice of their objection, after which the parties shall attempt in good faith to resolve the dispute. If the parties are unable to do so, the objecting party may seek a determination by the Court. Until such a determination is rendered, the party seeking to make the disclosure will not show to the Named Plaintiff or other individual any clinical records so designated, or any memorandum, affidavit, exhibit, or other information submitted to the Court or among the parties in connection with the dispute.

d. Nothing in this paragraph shall be read to expand the individuals to whom Confidential Information may be disclosed beyond those individuals listed in paragraph 7 above.

e. The notice provision of this paragraph shall apply only to disclosure of Confidential Information to the persons listed in subparagraph 7(c) and, where applicable, subparagraph 7(h).

14. Statistical information, compilations, and analyses based in whole or in part on Confidential Information may be released to the public or press without violating this Protective Order, provided that such disclosures shall not reveal Confidential Information absent further order by the Court.

15. In the event of an inadvertent disclosure of Confidential Information not authorized by this Protective Order, the party who made such inadvertent disclosure shall upon learning of the disclosure:

    a. Promptly notify the person or entity to whom the disclosure was made that it contains Confidential Information that is subject to this Protective Order;

    b. Promptly make all reasonable efforts to retrieve such Confidential Information from, and to seek the destruction of any copies of such Confidential Information by, the person or entity to whom the inadvertent disclosure was made, and to preclude dissemination and use of the Confidential Information by such person or entity; and,

    c. Promptly notify the other parties of the identity of the person or entity to whom the inadvertent disclosure was made, the circumstances of the disclosure, and the steps taken pursuant to subparagraph 15(b).

16. This Stipulation and Order shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over breadth, proportionality, or other grounds for not producing material requested during discovery, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law.

17. This Protective Order shall survive the termination of the litigation and shall continue to be binding upon all persons to whom Confidential Information is produced or disclosed. All Confidential Information, as defined in this Protective Order and regardless of the format, shall remain confidential for all time.

| FOR PLAINTIFFS | FOR DEFENDANTS New York State Office of Mental Health and Ann Marie T. Sullivan, Commissioner |
|---|---|

Elena Landriscina
Shona Hemmady (admission pending)
Philip Desgranges
THE LEGAL AID SOCIETY
49 Thomas Street, 10th Floor
New York, New York 10013
(212) 577-3398
elandriscina@legal-aid.org
shemmady@legal-aid.org
pdesgranges@legal-aid.org

Alexis Karteron
WASHINGTON SQUARE LEGAL SERVICES
CIVIL RIGHTS IN THE CRIMINAL LEGAL SYSTEM CLINIC
245 Sullivan Street, 5th Floor
New York, NY 10012
212-998-6430
alexis.karteron@nyu.edu

James P. Rouhandeh
James I. McClammy
Diane O. Lucas
Chui-Lai Cheung
Marie Killmond
DAVS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
rouhandeh@davispolk.com
james.mcclammy@davispolk.com
diane.lucas@davispolk.com
chui-lai.cheung@davispolk.com
marie.killmond@davispolk.com

SO ORDERED

Owen Conroy
Caroline Wallitt
Haley Hawkins
OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
28 Liberty Street
New York, New York 10005
(212) 416-8000
Owen.Conroy@ag.ny.gov
Caroline.Wallitt@ag.ny.gov
Haley.Hawkins@ag.ny.gov

FOR DEFENDANTS New York City Department of Health and Mental Hygiene, Michelle Morse, and New York City Health + Hospitals,

Kendra Elise Riddleberger
OFFICE OF THE CORPORATION COUNSEL
100 Church Street
New York, New York 10007
(212) 356-4377
kriddleb@law.nyc.gov

*So ordered*
*9-17-25*
*[signature]*