UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.M., by and through next friend Elfego Maldonado Estrada, and A.B., by and through next friend Kadijah Hutchinson-McLean, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  - vs -<br><br>NEW YORK STATE OFFICE OF MENTAL HEALTH; ANN MARIE T. SULLIVAN, in her official capacity as the Commissioner of the New York State Office of Mental Health; the NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE; MICHELLE MORSE, in her official capacity as the Commissioner of the New York City Department of Health and Mental Hygiene; and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION;<br><br>    Defendants. | C.A. No. 25-cv-06667 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND
FOR AN ORDER DIRECTING A RULE 26(f) CONFERENCE**

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 5

ARGUMENT .................................................................................................................................. 6

    I.       The Requested Discovery Meets the "Reasonableness" and "Good Cause" Standard for Expedited Discovery ............................................................................ 6

    II.      Defendants Are Required to Participate in a Rule 26(F) Conference ...................... 9

CONCLUSION ............................................................................................................................. 10

APPENDIX: LIST OF REQUESTED EXPEDITED DISCOVERY

DECLARATION OF ELENA LANDRISCINA IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND AN ORDER DIRECTING A RULE 26(F) CONFERENCE

    EXHIBIT 1: MARCH 29, 2023 FREEDOM OF INFORMATION LAW REQUEST LETTER FROM ELENA LANDRISCINA TO RECORDS ACCESS OFFICER, OFFICE OF MENTAL HEALTH

    EXHIBIT 2: OFFICE OF MENTAL HEALTH PENDING ADMISSION CENSUS, OCTOBER 2022- JANUARY 2023; DECEMBER 2022- APRIL 2023

    EXHIBIT 3: OFFICE OF MENTAL HEALTH PENDING ADMISSION CENSUS, SEPTEMBER 2024

DECLARATION OF SHONA HEMMADY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND AN ORDER DIRECTING A RULE 26(F) CONFERENCE

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Ayash v. Bank Al-Madina*,
 233 F.R.D. 325 (S.D.N.Y. 2005) ............................................................................................. 6

*Barrett v. Forest Lab'ys, Inc.*,
 No. 12 CIV. 5224, 2015 WL 4111827 (S.D.N.Y. July 8, 2015) ........................................... 10

*Bloomberg, L.P. v. John Does 1-4*,
 No. 13 CIV. 01787 LGS, 2013 WL 4780036 (S.D.N.Y. June 26, 2013) ................................ 8

*Brooks v. Macy's, Inc.*,
 No. 06 CIV. 5304 BSJ BP, 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010) ........................... 10

*Dodson v. Runyon*,
 86 F.3d 37 (2d Cir. 1996) ..................................................................................................... 10

*Jackson v. Indiana*,
 406 U.S. 715 (1972) ............................................................................................................... 8

*In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*,
 No. 14 CV 4242, 2014 WL 12959675 (S.D.N.Y. July 23, 2014) ........................................... 9

*Malibu Media LLC v. Doe*,
 No. 18-CV-10955 (AJN), 2019 WL 297607 (S.D.N.Y. Jan. 23, 2019) .................................. 7

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*,
 194 F.R.D. 618 (N.D. Ill. 2000) ............................................................................................. 6

*Milk Studios, LLC v. Samsung Elecs. Co.*,
 No. 14 CIV. 09362 PAC, 2015 WL 1402251 (S.D.N.Y. Mar. 26, 2015) ............................... 6

*New York by Schneiderman v. Griepp*,
 No. 17CV3706CBAJO, 2017 WL 3129764 (E.D.N.Y. July 20, 2017) ............................. 7-8

*Pearson Educ., Inc. v. Labos*,
 No. 19 CIV. 487 CM, 2019 WL 1949820 (S.D.N.Y. Apr. 23, 2019) ..................................... 9

*SingularDTV, GmbH v. Doe*,
 637 F. Supp. 3d 38 (S.D.N.Y. 2022) ...................................................................................... 6

*Stern v. Cosby*,
 246 F.R.D. 453 (S.D.N.Y. 2007) ........................................................................................... 5

*Trs. of Loc. 813 Pension Tr. Fund v. Astoria Rubbish Removal Co., Inc.*,
 No. 24-CV-6479-JRC, 2025 WL 2772653 (E.D.N.Y. Sept. 26, 2025) .................................. 7

*United States v. Erie Cnty., NY*,
    No. 09-CV-849S, 2010 WL 11578742 (W.D.N.Y. Mar. 6, 2010) .......................................... 6, 7

## STATUTES & RULES

Fed. R. Civ. P. 16............................................................................................................................ 6

Fed. R. Civ. P. 26................................................................................................................ *passim*

Local Civil Rule 6.1 ...................................................................................................................... 9

N.Y. Crim. Proc. Law § 730 ..................................................................................................... 3, 4

## OTHER AUTHORITIES

Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ................................................... 5

# PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion for targeted expedited discovery to obtain (1) a *single* record from Defendant Ann Sullivan, Commissioner of the New York State Office of Mental Health ("OMH"), titled "Pending Admission," and (2) a *single* record from Defendant New York City Health + Hospital Corporation ("HHC"), titled "OMH 730 Designation Tracking," collectively "Current Delays Data." Plaintiffs also submit this memorandum in support of their motion for an order directing Defendants to participate in a Rule 26(f) conference.

Plaintiffs' expedited discovery request for discrete, readily accessible discovery is both reasonable and supported by good cause. The experiences of Legal Aid Society clients suggest that wait times for competency restoration services have *dramatically* worsened in the short period since Plaintiffs filed their Complaint. Although 2024 data showed that people experienced a median delay of 81 days, wait times for dozens of Legal Aid clients have climbed to *five* or *six* months. These developments increase the urgency of Plaintiffs' pending motion. The Current Delays Data is probative to the irreparable harm inquiry on a motion for a preliminary injunction since each additional day spent languishing in jail without necessary competency restoration services increases the risk of a poorer response to treatment when it is finally provided, reducing the likelihood of successful competency restoration. The Court can resolve Plaintiffs' motion for a preliminary injunction based on the robust evidence of irreparable harm presented in their opening brief; however, the Current Delays Data will aid the Court's analysis of their pending motion. In conjunction with their request for expedited discovery, Plaintiffs request leave to file a short supplemental memorandum of law in support of their motion for a preliminary injunction to provide the Court with Plaintiffs' analysis of the Current Delays Data.

1

Plaintiffs also ask that the Court order Defendants to participate in a Rule 26(f) conference as required by the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiffs R.M. and A.B., by and through their next friends and on behalf of themselves and a putative class, challenge New York's systemic failure to provide timely and effective competency restoration to people who are found unfit to stand trial, committed to OMH custody for competency restoration services, and yet left to languish for months on Rikers Island. Plaintiffs filed their Complaint (ECF 1) and a motion for class certification of a proposed Delays Class on August 12, 2025 (ECF 9). On August 28, 2025, Plaintiffs filed their motion for a preliminary injunction on behalf of Plaintiff A.B. and the putative Delays Class (ECF 32).

*Dramatic Increase in Wait Times for Competency Restoration Services*

In support of their preliminary injunction motion, Plaintiffs offered robust evidence of OMH Defendants' systemic delays in competency restoration services and the dire consequences of those delays on class members' mental health conditions.[1] That evidence demonstrates that Plaintiffs are entitled to preliminary relief. Plaintiffs relied on the most recent annual wait time data that they could obtain prior to filing their motion, which showed a median wait time of 81 days.[2] But the recent experiences of The Legal Aid Society's clients in the 12-week period since

---

[1] See Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, ECF 33, and supporting exhibits, including Declaration of Leighann Starkey in Support of Class Certification ("Starkey Decl.") ¶ 13, ECF 14 (providing analysis of wait times for competency restoration services and finding a median delay of 81 days); Declaration of Lauren Kois in Support of Plaintiffs' Motion for Preliminary Injunction ("Kois Decl.") ¶ 10, ECF 42 (concluding that Rikers Island is not an appropriate setting for people with psychiatric needs and that detention aon Rikers is counterproductive as it "actively worsens their psychiatric condition, making successful restoration increasingly difficulty or even impossible to achieve"); Declaration of Justyna Rzewinski, ¶¶ 14-36, ECF 41 (describing prevalent use of "deadlocking" practice on Rikers Island, where people with psychiatric disabilities are arbitrarily confined to their cells and cut off from food, medication, medical visits, and other services, and describing the sever decompensation that occurred, including that people would become very sick, smear feces, and harm themselves by banging their heads on the walls).
[2] Starkey Decl., ¶ 13.

2

the Complaint was filed indicate that delay times have dramatically increased. Plaintiffs R.M. and A.B. were each held on Rikers for 166 days following their commitment to OMH custody for competency restoration services.[3] And dozens of other Legal Aid clients have experienced or are currently experiencing delays of *five* or *six* months.[4] Plaintiffs believe that more recent delays data will further demonstrate the irreparable harm that putative class members face. As Plaintiffs' expert clinical psychologist Dr. Lauren Kois concluded, the city jail system systematically fails to provide adequate mental health care to people with psychiatric disabilities, and the practice of delayed and/or inadequate mental health care exposes people to irreparable harm.[5] The longer a person's psychiatric treatment needs are unmet, the more "entrenched" their illnesses become, reducing the likelihood of successful competency restoration.[6] Current Delays Data will indicate how long members of the putative class currently languish without the competency restoration services they require and is highly relevant to the Court's consideration of Plaintiffs' pending motion.

Data on current wait times is readily accessible to Defendants and is housed in two discrete spreadsheets:

- <u>OMH's October 2025 "Pending Admission" record.</u> This OMH record is a statewide, point-in-time census of *all* people committed to OMH custody for inpatient competency restoration services who have not yet been admitted to an OMH hospital for competency restoration services. The Pending Admission record provides key information about (1) the current location (e.g., "NYC DOC Riker's Island") of each person who has received a Criminal Procedure Law 730 ("CPL 730") court order for

---

[3] Declaration of Shona Hemmady in Support of Expedited Discovery ("Hemmady Expedited Discovery Decl."), ¶¶ 3-4.
[4] *Id.* ¶¶ 6-9.
[5] Kois Decl. ¶ 61-63, 66-70, 75-77, 81-82, 87-92.
[6] *Id.* ¶ 62; *see also* ¶¶ 90, 95.

3

competency restoration services in a hospital, (2) the OMH hospital to which the individual is designated, and (3) the date such designation was made. This record facilitates a review of the total number of people *currently* languishing on Rikers Island while awaiting competency restoration services at a hospital.

- <u>HHC's "OMH 730 Designation Tracking" record.</u> This record is maintained by HHC and used to track the status of all individuals in the custody of the New York City Department of Correction ("DOC") who have received CPL 730 commitment orders. Among other things, OMH 730 Designation Tracking contains key information including (1) the name of each person held in DOC custody and committed to OMH custody pursuant to a CPL 730 order, (2) the date of their OMH hospital designation, and (3) the person's status, indicating whether they are awaiting admission to the OMH hospital for competency restoration services, have been admitted to the OMH hospital, or have returned to DOC custody from the OMH hospital, and discharge dates. By analyzing this data, it is possible to determine recent wait times for competency restoration services.

Plaintiffs requested this discovery on October 17, 2025, after it became clear that the increasing delays were part of a sustained trend.[7] This data is discovery that Plaintiffs will ultimately seek in this action. Defendants refused to provide the discovery or to even confer about Plaintiffs' request.[8] Neither Defendant asserted any burden associated with collecting the requested discovery.[9] Nor could they, as these records are routinely kept. In fact, Plaintiffs obtained OMH's

---

[7] Declaration of Elena Landriscina in Support of Expedited Discovery ("Landriscina Expedited Discovery Decl.") ¶ 4; Hemmady Expedited Discovery Decl., ¶¶ 6-9.
[8] Landriscina Expedited Discovery Decl., ¶ 4.
[9] *Id.*

4

Pending Admission record twice before: once pursuant to a Freedom of Information Law ("FOIL") request in 2023, and once pursuant to a request to OMH Deputy Counsel in 2024.[10] This discovery cannot be obtained through alternative means because Defendants maintain this centralized data in their possession.

*Rule 26(f) Conference*

On October 6, 2025, Plaintiffs reached out via email to OMH Defendants and Municipal Defendants to arrange a Rule 26(f) conference.[11] In response, Defendants explained that they would not engage in a Rule 26(f) conference until the Court ruled on both Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss.[12] Plaintiffs responded by setting forth their understanding of the parties' obligations under Rule 26(f).[13] The parties conferred over the next several days but were unable to resolve their dispute.[14] Plaintiffs accordingly bring this motion requesting that the Court order the Defendants to participate in a Rule 26(f) conference.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(d)(1), a party may seek discovery "before the parties have conferred as required by Rule 26(f)" when authorized "by court order." Such a request for expedited discovery is analyzed under a "flexible standard of 'reasonableness' and 'good cause.'" *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *see also* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("[C]ourts presented with requests for immediate discovery

---

[10] *See id.* Ex. 1 (March 29, 2023 Freedom of Information Law Request Letter from Elena Landriscina to Records Access Officer, Office of Mental Health), Ex. 2 (Office of Mental Health Pending Admission Census, October 2022-January 2023; December 2022-April 2023), Ex. 3 (Office of Mental Health Pending Admission Census, September 2024). Plaintiffs also have previously obtained HHC's "OMH 730 Designation Tracking" record, but are not including the record as an exhibit given the size and protected health information in the document. Plaintiffs will provide the record to Defendants or the Court if requested.
[11] *Id.* ¶ 3.
[12] *Id.*
[13] *Id.*
[14] *See id.*, ¶¶ 3-5.

5

have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). This standard permits the Court to "examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." *Ayash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000)).

As for when the parties must hold a Rule 26(f) conference, Federal Rules of Civil Procedure Rule 26(f) states that parties must confer "as soon as practicable—and in any event at least 21 days before . . . a scheduling order is due under Rule 16(b)."

## **ARGUMENT**

## I.     **THE REQUESTED DISCOVERY MEETS THE "REASONABLENESS" AND "GOOD CAUSE" STANDARD FOR EXPEDITED DISCOVERY**

Plaintiffs' request for expedited discovery is reasonable and supported by good cause. Courts consider the reasonableness of an expedited discovery request "in light of all surrounding circumstances" of the case. *Ayash*, 233 F.R.D. at 327. To this end, courts have considered whether the request is targeted, seeking "no more information than . . . 'necessary,'" and whether there are no alternative means of obtaining the relevant information. *See SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) (collecting cases). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Milk Studios, LLC v. Samsung Elecs. Co.*, No. 14 CIV. 09362 PAC, 2015 WL 1402251, at *2 (S.D.N.Y. Mar. 26, 2015) (quotation and citation omitted); *see also United States v. Erie Cnty., NY*, No. 09-CV-849S, 2010 WL 11578742, at *3 (W.D.N.Y. Mar. 6, 2010) (observing that the reasonableness and good cause standard involves assessing the prejudice to the defendant "if discovery is permitted" and prejudice to the plaintiff "if denied the opportunity for

6

discovery," which involves considering "the burden of responding to discovery requests and the likelihood that the proffered discovery will eventually take place").

Here, Plaintiffs' request for Current Delays Data is reasonable because it is discrete, limited to only two records that Plaintiffs specifically identify by document name, and narrowly tailored to the information necessary to determine *current* delay periods for competency restoration services, which is relevant to Plaintiffs' preliminary injunction motion. *See, e.g.*, *Malibu Media LLC v. Doe*, No. 18-CV-10955 (AJN), 2019 WL 297607, at *3 (S.D.N.Y. Jan. 23, 2019) (finding that expedited discovery request was specific where plaintiff sought a limited set of facts to identify a John Doe defendant); *Erie Cnty., NY*, No. 09-CV-849S, 2010 WL 11578742, at *4 (reasoning that the Department of Justice's request for suicide-related data and information was narrowly tailored and reasonable as it sought "just five categories of documents" and was limited to information necessary to determine whether the Department should move for a preliminary injunction). Defendants keep these documents in the normal course of business and, in the case of OMH Defendants, have routinely produced the Pending Admission record in response to FOIL requests.[15] There is, accordingly, no burden to Defendants associated with production of this targeted discovery. Further, there are no alternative means of collecting this data, which only Defendants maintain. *See, e.g.*, *Trs. of Loc. 813 Pension Tr. Fund v. Astoria Rubbish Removal Co., Inc.*, No. 24-CV-6479-JRC, 2025 WL 2772653, at *2 (E.D.N.Y. Sept. 26, 2025) (granting leave for pre-Rule 26(f) conference discovery, reasoning that plaintiffs alleged that documents and information they sought were in sole possession of the party against whom discovery was sought); *New York by Schneiderman v. Griepp*, No. 17CV3706CBAJO, 2017 WL

---

[15] *See* Landriscina Expedited Discovery Decl., Ex. 1 (indicating that OMH previously produced records to Mental Hygiene Legal Services).

3129764, at *2 (E.D.N.Y. July 20, 2017) (finding defendants' request for photos, videos, and audio recordings was reasonable and imposed no burden where the discovery was in the plaintiff's possession); *Bloomberg, L.P. v. John Does 1-4*, No. 13 CIV. 01787 LGS, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) (granting expedited discovery where plaintiffs "demonstrated the absence of alternative means to obtain the subpoenaed information" and showed the information was "necessary to advance their claims").

Plaintiffs also demonstrate good cause for the Current Delays Data because their need for the targeted discovery outweighs any prejudice to Defendants. As an initial matter, the Current Delays Data is discrete and readily accessible. Producing it would impose no burden on Defendants, and they have never claimed otherwise. And even if there were any burden, Defendants will have to shoulder it later in this case anyway, as Plaintiffs would seek the Current Delays Data (among other documents and information) in the course of ordinary discovery. To be sure, Plaintiffs' claims are substantial and are likely to proceed as OMH Defendants' motion to dismiss is devoid of merit,[16] and Plaintiffs have provided robust evidence establishing that members of the putative class will suffer irreparable harm in the absence of an injunction. Still, expedited discovery related to *current* waiting periods, which Plaintiffs believe have worsened

---

[16] Plaintiffs allege that Defendants systematically fail to provide timely competency restoration services in violation of their due process rights. Under *Jackson v. Indiana*, 406 U.S. 715 (1972), to establish a due process violation related to competency restoration commitment, a plaintiff must show that "the nature and duration of commitment" bears no "reasonable relation to the purpose for which the individual is committed." *Id.* at 738. In their Complaint, Plaintiffs R.M. and A.B. provide detailed allegations regarding the nature of their jail confinement—the reason for their incarceration, the jail conditions to which they are subject, and the absence of appropriate competency restoration services—and the length of such confinement (ultimately, 166 days for R.M. and 166 days for A.B.). *See, e.g.*, Compl. ¶¶ 14-15, 21, 27, 29-31, 43-50; Hemmady Expedited Discovery Decl., ¶¶ 3-4. Further, they allege that the nature and duration of the confinement lack any reasonable relationship to competency restoration. *See, e.g.*, Compl. ¶¶ 11, 43-50. Instead of identifying *any* deficiencies in Plaintiffs' factual pleading, OMH Defendants misstate legal standards, attempt to litigate merits issues, and raise issues that require fact-intensive inquiries that cannot be resolved on a motion to dismiss.

since the filing of Plaintiffs' Complaint, is highly relevant to the Court's analysis of the preliminary injunction motion, and particularly to its analysis of irreparable harm, "the single most important prerequisite for the issuance of a preliminary injunction." *Pearson Educ., Inc. v. Labos*, No. 19 CIV. 487 CM, 2019 WL 1949820, at *5 (S.D.N.Y. Apr. 23, 2019) (quotation and citation omitted). This Current Delays Data is particularly important because each day spent languishing in jail without necessary competency restoration services increases the risk of clinical deterioration, and the experience of prolonged untreated psychiatric needs reduces the likelihood of successful competency restoration.[17] If Defendants are not ordered to provide the Current Delays Data, Plaintiffs would be unable to offer it in support of their preliminary injunction motion—meaning that, while Defendants are not at risk of prejudice if the instant motion is granted, Plaintiffs *are* at risk of prejudice if it is not. For this reason, "'[r]equests for expedited discovery are typically appropriate in cases involving requests for preliminary injunction,' especially where . . . 'it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing.'" *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14 CV 4242, 2014 WL 12959675, at *2-*3 (S.D.N.Y. July 23, 2014) (granting expedited discovery on this basis).

Plaintiffs, therefore, demonstrate that their request for Current Delays Data is reasonable and supported by good cause. Should the Court grant Plaintiffs' motion for expedited discovery, Plaintiffs respectfully request leave to file a short supplemental memorandum of law in further support of their pending motion for a preliminary injunction within 14 days of receipt of the data.[18]

---

[17] *See* Kois Decl. ¶¶ 87-92.
[18] Under the deadlines set forth in Local Civil Rule 6.1, the parties' briefing on Plaintiffs' motion for expedited discovery will be fully submitted on November 14, 2025. Plaintiffs' Reply Brief in support of their motion for a preliminary injunction is due the next business day, November 17, 2025, which is not enough time for Defendants to produce and for Plaintiffs to review and analyze the expedited discovery.

## II. DEFENDANTS ARE REQUIRED TO PARTICIPATE IN A RULE 26(F) CONFERENCE

Plaintiffs seek an order compelling Defendants to comply with their obligations under Rule 26(f). Defendants' refusal to engage in a Rule 26(f) conference based on their *preference* to wait for resolution of pending motions is at odds with Rule 26(f), which provides no exception to the mandate to "confer as soon as practicable." *See, e.g.*, *Brooks v. Macy's, Inc.,* No. 06 CIV. 5304 BSJ BP, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) ("[A] motion to dismiss does not automatically stay discovery."); *Barrett v. Forest Lab'ys, Inc.*, No. 12 CIV. 5224, 2015 WL 4111827, at *3 (S.D.N.Y. July 8, 2015) (interpreting requirement to confer "as soon as practicable" to mean that "parties will meet on their own as soon as practicable after a case begins"). Furthermore, as the Court has not found "good cause" to delay issuing a scheduling order, Defendants' refusal to arrange and participate in the Rule 26(f) conference is not justified by any direction from the Court. In any event, Rule 26(f) requires parties to confer regardless of whether a scheduling order has been issued. *Cf. Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir. 1996) (stating that lack of a scheduling order does not "relieve [Plaintiffs'] counsel of either the right or the duty to press [their] client[]s['] cause" by pursuing discovery). Defendants' failure to move for a stay of discovery suggests that Defendants believe that they need not fulfill their obligations under Rule 26(f), necessitating the Court's intervention and a court order requiring their participation.

## CONCLUSION

For the reasons above, Plaintiffs request an order (i) directing Defendants to provide the requested expedited discovery, as described in Appendix; (ii) granting Plaintiffs leave to file a short supplemental memorandum of law in further support of their pending motion for a preliminary injunction within 14 days of receipt of the requested expedited discovery; and (iii) directing Defendants to participate in a Rule 26(f) conference as soon as practicable.

Dated: November 5, 2025  
New York, New York

Respectfully submitted,

By: */s/ Elena Landriscina*
Elena Landriscina
Shona Hemmady
Philip Desgranges
THE LEGAL AID SOCIETY
49 Thomas Street, 10th Floor
New York, New York 10013
(212) 577-3398
elandriscina@legal-aid.org
shemmady@legal-aid.org
pdesgranges@legal-aid.org

By: */s/ Alexis Karteron*
Alexis Karteron
WASHINGTON SQUARE LEGAL SERVICES
CIVIL RIGHTS IN THE CRIMINAL LEGAL SYSTEM CLINIC
245 Sullivan Street, 5th Floor
New York, NY 10012
212-998-6430
alexis.karteron@nyu.edu

By: */s/ James I. McClammy*
James P. Rouhandeh
James I. McClammy
Diane O. Lucas
Chui-Lai Cheung
Marie Killmond
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4000
rouhandeh@davispolk.com
james.mcclammy@davispolk.com
diane.lucas@davispolk.com
chui-lai.cheung@davispolk.com
marie.killmond@davispolk.com

*Counsel for Plaintiffs R.M. and A.B.*

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that this Memorandum of Law contains 3,323 words and is in compliance with Local Civil Rule 7.1 and Judge Alvin K. Hellerstein's Individual Rule 2.C, which imposes no page limit for briefs. In preparing this certification, the word-processing system that was used to prepare this document was relied upon.

*/s/ Elena Landriscina*

Elena Landriscina