**Davis Polk**

James I. McClammy
+ 1 212 450 4584
james.mcclammy@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

*So ordered*
*11-10-25*
*[signature] A.K. Hellerstein*

August 28, 2025

Re: *R.M., by and through next friend Elfego Maldonado Estrada, and A.B., by and through next friend Kadijah Hutchinson-McLean v. New York State Office of Mental Health, et al.*, C.A. No. 25-cv-06667

Hon. Alvin K. Hellerstein
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Hellerstein:

We represent Plaintiffs R.M. and A.B. (collectively, "Plaintiffs") in the above-referenced action. Plaintiffs respectfully request permission to file certain materials under seal in connection with their Motion for a Preliminary Injunction (Dkt. No. 32) ("Motion"). Specifically, for the reasons set forth below, Plaintiffs respectfully request to file under seal certain exhibits ("Exhibits") to the Declarations of Jeffrey Berman (Dkt. No. 35) (Exs. 1–7), Stacy Meisner (Dkt. No. 36) (Exs. 8–10), Jamie Niskanen-Singer (Dkt. No. 38) (Ex. 11), Susan Platis (Dkt. No. 39) (Ex. 12), and Shona Hemmady (Dkt. No. 40) (Exs. 13–15, 18–23, and 25-28).

These Exhibits, which are set forth in Appendix A hereto, consist of psychological reports, clinician notes, and emails detailing the various mental health diagnoses and incarceration statuses of Plaintiffs and other nonparty arrestees.[1] These Exhibits also include documents such as Section 730 commitment orders, hearing transcripts, and emails from Legal Aid Society attorneys regarding their clients' whereabouts;[2] while these documents do not contain personal health information themselves, they contain information that would enable the public to identify the nonparties about whom such personal health information has been provided in anonymized form in the Motion.[3]

---

[1] *See* Exs. 2, 3, 4, 7, 9, 10, 13, 14, 18, 19, 20, 21, & 22.

[2] *See* Exs. 1, 5, 6, 8, 11, 12, 15, 23, 25, 26, 27, & 28.

[3] Three of these Exhibits—Exhibits 13, 14, and 23— identify and provide the health information of the Plaintiffs. These same documents have, however, already been filed under seal at Docket Numbers 31-6, 31-7, & 31-9; Plaintiffs respectfully submit that they should be sealed for the same reasons identified in the corresponding letter motion to seal, filed at Docket Number 28.

When ruling on a sealing request, this court "weighs heavily" the "privacy interests of innocent third parties ... that may be harmed by disclosure." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Further, "[c]ourts in this District regularly seal medical information, including the medical information of non-party witnesses." *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *8 (S.D.N.Y. Dec. 13, 2024). This is particularly true for cases involving potentially vulnerable, nonparty arrestees. *See Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (holding that a "nonparty arrestee['s] privacy interests in their medical records . . . [were] sufficient to overcome the presumption of access to this information"); *Matthews v. New York State Dep't of Corr. & Cmty. Supervision*, 2023 WL 2664418, at *4 (N.D.N.Y. Mar. 28, 2023) (finding "that the privacy interests of nonparty incarcerated individuals . . . present a higher value outweighing the public's presumptive right of access to . . . information in judicial documents" and noting the potential for such nonparties to be subjected to retaliation if identified). Here, the aforementioned Exhibits contain the personal health information of nonparty arrestees or would effectively reveal that information. Thus, sealing of these Exhibits is necessary in order to protect the nonparties' privacy interests. These Exhibits should be sealed for the additional reason that they contain certain sensitive health information which, if made public, could lead to harassment, retaliation, and social stigma.

Therefore, Plaintiffs submit that the Exhibits should be sealed so that they are viewable only by Plaintiffs and the Court, and not by Defendants or the public (though Plaintiffs will provide copies of the sealed materials to Defendants promptly after the Parties sign and the Court enters a protective order governing this action). Plaintiffs respectfully request that the Court so-order this letter to grant the foregoing request.

We are available at the Court's convenience should Your Honor have any questions.

Respectfully yours,

/s/ James I. McClammy
James I. McClammy

**Electronic Filing**

## Appendix A

| Exhibit 1 | G.S. Commitment Order |
|---|---|
| Exhibit 2 | G.S. CHS Record |
| Exhibit 3 | Schatzel Email |
| Exhibit 4 | Apr. 2024 Email to Judge Carro |
| Exhibit 5 | Apr. 8, 2024 Transcript |
| Exhibit 6 | G.S. Updated Commitment Order |
| Exhibit 7 | G.S. OMH Model Report |
| Exhibit 8 | J.C. Commitment Order |
| Exhibit 9 | Jan. 2025 OMH Email |
| Exhibit 10 | Dooley Email |
| Exhibit 11 | M.B. Commitment Order |
| Exhibit 12 | S.D. Commitment Order |
| Exhibit 13 | R.M. CHS Records Excerpt |
| Exhibit 14 | A.B. CHS Records Excerpt |
| Exhibit 15 | DOC Transportation Division Emails |
| Exhibit 18 | J.B. Discharge Summary |
| Exhibit 19 | J.B. Psychological Report |
| Exhibit 20 | J.B. COD Report |
| Exhibit 21 | N.P. CHS Records Excerpt |
| Exhibit 22 | N.P. OMH Records |
| Exhibit 23 | A.B. Person-in-Custody Profile as of 8/28/2025 |
| Exhibit 25 | J.B. Commitment Order - June 2023 |
| Exhibit 26 | J.B. Person-in-Custody Profile |
| Exhibit 27 | J.B. Commitment Order – Sept. 2024 |
| Exhibit 28 | Schatzel Emails |