

49 THOMAS STREET  NEW YORK, NY 10013  TEL: 212-577-3300  http://www.legalaidnyc.org

**Alan Levine**
*President*

**Twyla Carter**
*Attorney-in-Chief*

**Justine M. Luongo**
*Chief Attorney*
Criminal Practice

**Philip Desgranges**
*Attorney-in-Charge*
Law Reform and Special Litigation

<u>**VIA ECF**</u>

March 5, 2026

Judge Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *R.M. v. New York State Office of Mental Health*, C.A. No. 25-cv-06667 (AKH)

Dear Judge Hellerstein,

The parties submit this joint letter respectfully requesting that the Court resolve a dispute regarding whether the OMH Defendants must engage with Plaintiffs in a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, in light of the Court's decision during the February 5, 2026 oral argument to deny OMH Defendants' motion to dismiss with respect to the due process claim against OMH Commissioner Sullivan.[1]  On February 18, 2026, Plaintiffs reached out via email to OMH Defendants to arrange a Rule 26(f) conference in light of the Court's directive at the November 13, 2025 status conference that the parties were permitted to commence discovery, without the need for Plaintiffs to make a separate motion, upon a decision on the motions to dismiss.  OMH Defendants responded that they would not engage in a Rule 26(f) conference until the Court issued a decision on the motions to dismiss.  The parties have conferred over email over the past week, but have been unable to reach a resolution.

The parties' positions are set forth below.

---

[1] At the oral argument, the Court reserved its decision on OMH Defendants' and Municipal Defendants' motions to dismiss the claims brought under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Accordingly, Plaintiffs have not sought to engage in a Rule 26(f) conference with the Municipal Defendants at this juncture.

**Plaintiffs' Position**

Plaintiffs act on behalf of a class of individuals who have been found unfit for trial and have received a competency restoration order pursuant to New York Criminal Procedure Law § 730. These individuals are detained under dangerous conditions on Rikers Island, where they suffer from lengthy delays in receiving competency restoration services. As the Court found during the February 5, 2026 hearing on OMH Defendants' and Municipal Defendants' motions to dismiss, Plaintiffs have stated a claim that these delays violate their due process rights. ECF 108 ("Feb. 5 H'g Tr.") at 15:18-19. Plaintiffs now seek an order directing OMH Defendants to participate in a Rule 26(f) conference regarding discovery relating to the due process claim as soon as practicable.

Plaintiffs have been eager from the outset of this case to confer with OMH Defendants and to commence discovery, because the risk of physical harm and mental-health deterioration increases with each day that individuals spend incarcerated at Rikers without treatment. Indeed, Plaintiffs have reason to believe that delays have increased significantly in recent months, and—as previewed in the November 13, 2025 status conference—Plaintiffs hope to promptly seek updated delays data from OMH Defendants. ECF 90 ("Nov. 13 Conf. Tr.") at 14:15-15:4. This data could provide an important supplement to Plaintiffs' now-pending motion for a preliminary injunction.

Though the Court stayed discovery during the November 13 status conference, the Court did so with "leave to resume after determination of the motion[s] to dismiss," permitting Plaintiffs to "go right into discovery" thereafter. Nov. 13 Conf. Tr. at 13:14-16, 15:2-4; *see also* ECF 87. In the February 5 hearing, the Court denied OMH Defendants' motion to dismiss Plaintiffs' due process claim, finding that "there has been a well-pleaded complaint alleging due process violations." ECF 108 ("Feb. 5 Oral Arg. Tr.") at 15:18-19. The Court reserved its decision only as to Plaintiffs' ADA and Rehabilitation Act claims. *See id.* at 46:16, 52:16. Accordingly, following the Court's February 5, 2026 order, Plaintiffs emailed OMH Defendants on February 18, 2026 to schedule a Rule 26(f) conference. OMH Defendants refused, claiming that "[f]ollowing the 2/5/2026 oral argument, the court reserved its decision, which means that discovery is still stayed." OMH Defendants' position is misguided. The Court reserved decision only as to the *non*-due process claims. Discovery is no longer stayed as to Plaintiffs' due process claim against OMH Defendants.

In addition to misconstruing the Court's order, OMH Defendants identified no reason why discovery as to Plaintiffs' due process claim *should* remain stayed. This claim will move forward irrespective of the Court's decision as to the other claims, and the "factors [the court] considered in ordering the stay in the first place"—uncertainty as to whether Plaintiffs' claims would survive a motion to dismiss, *see* Nov. 13 Conf. Tr. at 8:6-7—no longer exist as to Plaintiffs' due process claim. *New York by James v. Puff Bar*, 2025 WL 2607635, at *1 (S.D.N.Y. Aug. 29, 2025) (citation and quotation marks omitted). Nor do the OMH Defendants face any prejudice in participating in discovery now, when it is inevitable that they will be obliged to do so. *See Brawer v. Egan-Jones Ratings Co*., 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (denying motion to stay discovery in part because "it is inevitable that some discovery may be obtained from [defendant] regardless of the outcome of her motion [to dismiss]"); *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (similar). By contrast, any further stay would be highly prejudicial to members of the Plaintiff class, who continue to languish in jail in conditions that exacerbate their mental health symptoms and reduce the likelihood of successful restoration. For these reasons, even if OMH Defendants were correct that a further order of the Court is required to lift the stay of discovery as to the due process claim, they offer no compelling reason why the Court should not issue such an order.

Plaintiffs therefore request that the Court order the OMH Defendants to participate promptly in a Rule 26(f) conference to discuss discovery with respect to Plaintiffs' due process claim.

**OMH Defendants' Position**

Earlier in this case, Plaintiffs attempted to force premature discovery by filing a motion to expedite discovery and seeking an order directing a Rule 26(f) conference while Defendants' motions to dismiss were pending. ECF Nos. 73-77. The Court denied that motion. ECF No. 87. The Court's November 13, 2025 Order Regulating Proceedings also granted Defendants' motion to stay discovery "pending [the Court's] ruling on the motion to dismiss." *Id*. At the conference that same day, the Court also stated that *if* the Court decided that discovery should begin following the motion to dismiss oral argument, it would "*order [discovery] right then and there*." *See* Nov. 13 Conf. Tr. at 15:1-4 (emphasis added). At the February 5, 2026, oral argument, the Court did not order discovery to begin. The parties are currently awaiting the Court's ruling on OMH Defendants' and Municipal Defendants' motions to dismiss. As directed by the Court, OMH Defendants are prepared to attend a Rule 26(f) conference as soon as the parties receive the Court's ruling on the motions to dismiss.

Instead of waiting for the Court's ruling, Plaintiffs now seek to force a premature *partial* Rule 26(f) conference, focused only on the due process claims against the OMH Defendants and based upon the Court's statements at the February 5, 2026 oral argument. This proposal is highly inefficient and is at odds with the Court's Order Regulating Proceedings and its stated intention to order the commencement of discovery, when appropriate. The parties would not be able to meaningfully discuss a discovery plan, including the timing of discovery and topics on which discovery may be needed, without knowing which claims are in the case. As soon as the parties receive the Court's ruling on the motions to dismiss, they can immediately hold an informed Rule 26(f) conference and prepare a discovery plan as to all claims still in the case.

Respectfully yours,

/s/ Elena Landriscina
Elena Landriscina
Shona Hemmady
Ranit Patel
Philip Desgranges
THE LEGAL AID SOCIETY
49 Thomas Street, 10th Floor
New York, NY 10013
(212) 577-3398

Alexis Karteron
WASHINGTON SQUARE LEGAL
SERVICES
CIVIL RIGHTS IN THE CRIMINAL
LEGAL SYSTEM CLINIC
245 Sullivan Street, 5th Floor
New York, NY 10012

212-998-6430

James P. Rouhandeh
James I. McClammy
Diane O. Lucas
Chui-Lai Cheung
Marie Killmond
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000

*Attorneys for Plaintiffs*

LETITIA JAMES
Attorney General
State of New York
*Attorney for the OMH Defendants*

By: /s/ Caroline Wallitt          _

Caroline P. Wallitt
Haley Hawkins
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-6228
Email: Caroline.Wallitt@ag.ny.gov